**E-FILED**
Wednesday, 09 August, 2006  03:19:59 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION**

| | |
|---|---|
| BERNICE LUSTFELDT, Individually and ) <br> as Executor of the Estate of ARMOND ) <br> LUSTFELDT, Deceased, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> HEALTH CARE AND RETIREMENT ) <br> CORPORATION OF AMERICA, d/b/a ) <br> HEARTLAND HEALTH CARE CENTER- ) <br> PAXTON, ) <br> ) <br> Defendant. ) | Case No. O6-2150 <br><br> Jury Demand <br><br> **FILED** <br><br> AUG 0 9 2006 <br><br> JOHN M. WATERS, Clerk <br> U.S. DISTRICT COURT <br> CENTRAL DISTRICT OF ILLINOIS <br> URBANA, IL |

## NOTICE OF REMOVAL

NOW COMES, the Defendant, HEALTH CARE AND RETIREMENT CORPORATION OF AMERICA, by and through its attorneys McVEY & PARSKY, LLC, and pursuant to 28 U.S.C. §1332, 1441 and 1446, files this Notice of Removal to the United States District Court for the Central District of Illinois, from the Circuit Court of the Eleventh Judicial Circuit, Ford County, Illinois, where the action is currently pending, and states that:

1.     The plaintiff filed this action with the Circuit Court of the Eleventh Judicial Circuit, Ford County, Illinois on June 1, 2006.  A copy of said Complaint is attached hereto and incorporated herein and identified as Exhibit 1.

2.     On July 5, 2006, this Defendant forwarded its Appearance, Answer to Complaint and Request to Admit to the Court and Plaintiff's counsel.  (Said documents are attached hereto and identified as Exhibits 2-4 respectively.)

3.     On July 14, 2006, Plaintiff filed a response to this Defendant's Request to Admit, admitting that the damages sought in this case will be will in excess of

$75,000.00. (See Plaintiff's Response to Request to Admit which is attached hereto and identified as Exhibit 5.)

4.     Defendant admitted the allegation of Plaintiff's Complaint that it is a corporation organized and existing under the laws of the State of Ohio. (Furthermore, attached hereto as Exhibit 6 is the Affidavit of Terry Wilson, manager and legal assistant for Manor Care of America, Inc., confirming that the Defendant's residency and principal place of business is the State of Ohio.)

5.     Given that this Court has original jurisdiction of this action, pursuant to 28 U.S.C. § 1331, removal of the action from state court is proper pursuant to 28 U.S.C. §1441(a), which, in pertinent part, provides that:

> "... any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district and division embracing the place where such action is pending."

6.     This Notice of Removal was filed within thirty (30) days "after –acquired" eligibility was brought to the attention of Defense Counsel *visa vi* the receipt by Defense Counsel of Plaintiff's Response to Request for Admission which established, for the first time, that the case was subject to removal.

7.     Written Notice of the Removal has been provided to Plaintiff's counsel and to the Clerk of the Circuit Court of the Eleventh Judicial Circuit, Ford County, Illinois in compliance with 28 U.S.C. §1446(b).

8.     A copy of the process, pleadings and orders served upon this Defendant the above captioned matter are attached hereto and identified as Exhibits 1 though 6.

2

WHEREFORE, the Defendant, HEALTH CARE AND RETIREMENT

CORPORATION OF AMERICA, respectfully requests that this action proceed in the

United States District Court for the Central District of Illinois, Urbana Division as an

action properly removed from the State Court of Illinois.

Respectfully submitted,

HEALTH CARE AND RETIREMENT
CORPORATION OF AMERICA,

BY: _____
David A. Kolb
Illinois Bar No. 6187639

McVEY & PARSKY, LLC
30 North LaSalle Street
Suite 2100
Chicago, IL  60602
Phone: 312/551-2130
Fax:   312/551-2131

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been
furnished to: Gerald P. Rodeen, Sue A. Gibson, Dilks, Rodeen & Gibson, Ltd., 146 N.
Market Street, P.O. Box  48, Paxton, Illinois 60957, by regular mail on August ____,
2006.

McVEY & PARSKY, LLC
Attorney for Defendant
30 North LaSalle Street
Suite 2100
Chicago, IL  60602
Tel:  (312) 551-2130
Fax:  (312) 551-2131

By: _____
David A. Kolb
Illinois Bar No. 6187639

3

**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

Bernice Lustfeldt, Individually and as Executor of the Estate of Armond Lustfeldt, Deceased

## DEFENDANTS

Health Care and Retirement Corporation of America d/b/a Heartland Health Care Center - Paxton

**(b)** County of Residence of First Listed Plaintiff    Ford County, IL
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Lucas County, Ohio
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Gerald P. Rodeen, Sue A. Gibson, Dilks, Rodeen & Gibson, Ltd., 146 N. Market Street, P.O. Box 48, Paxton, IL 60957, Phone: 217/379-4373

Attorneys (If Known)

David A. Kolb, McVey & Parsky, LLC, 30 North LaSalle St., Ste. 2100, Chicago, IL 60602, Phone: 312/551-2130

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☒ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | Security Act | ☐ 871 IRS—Third Party | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §1441(a)

Brief description of cause:
Medical Malpractice

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE    08/08/2006

SIGNATURE OF ATTORNEY OF RECORD

**FILED**

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. **AUG 0 9 2006**

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

06-2150

**E-FILED**
Wednesday, 09 August, 2006  03:20:16 PM
Clerk, U.S. District Court, ILCD

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
FORD COUNTY, ILLINOIS

BERNICE LUSTFELDT, Individually and )
as Executor of the Estate of ARMOND )
LUSTFELDT, )
              Deceased, )
           )
    Plaintiff, )
           )
vs. )
           )
HEALTH CARE AND RETIREMENT )
CORPORATION OF AMERICA, )
d/b/a HEARTLAND HEALTH CARE )
CENTER-PAXTON. )
         Defendant. )

THIS IS A COPY OF ORIGINAL DOCUMENT FILED 6-1-06 IN THE CIRCUIT COURT OF THE ELEVENTH CIRCUIT, FORD COUNTY, ILLINOIS
KAMALEN K. JOHNSON, CLERK

Cause No.: 06 L 9
USDC No. 06-2150

PLAINTIFF DEMANDS A TRIAL
BY A JURY OF TWELVE (12)

## COMPLAINT

### Count I — Negligence — Survival Action

Plaintiff's decedent, Armond Lustfeldt, by and through Bernice Lustfeldt, Individually and as Executor of the Estate of Armond Lustfeldt, by and through her attorneys, Dilks, Rodeen & Gibson, Ltd., and for Count I of her cause of action against Defendant, Health Care and Retirement Corporation of America, d/b/a Heartland Health Care Center-Paxton (hereinafter "Heartland,") states as follows:

1.    That Armond Lustfeltd died on March 9, 2005

2.    That further, Bernice Lustfeldt has been appointed Executor of the Estate of Armond Lustfeldt, deceased, and brings this action individually and as Executor pursuant to law provided.

3.    That Defendant, Heartland, is a corporation organized and existing pursuant to the laws of the State of Ohio, is authorized to do business in Illinois, and is a duly licensed long-term care facility by the State of Illinois under the provision of the Nursing Home Care Act, 210 ILCS 45/1-101, *et seq.,* operating as a nursing home under the name Heartland Health Care Center-Paxton with its principal place of business in Ford County, in the State of Illinois.

4.    That CT Corporation System may be served by service of process as registered agent for said corporation at 208 S. LaSalle St., Suite 814, Chicago, IL 60604-1101.

5.    That on March 9, 2005 and prior thereto, Defendant owned, operated, managed, maintained, controlled, and was a licensee of a certain long-term care facility in which it treated individuals suffering from various ailments and provided and supplied rooms,



laboratories, drugs, and certain devices for the needs of the patients during their treatment in said long-term care facility, including the one operated as Heartland.

6.  That at all times relevant herein, there was in full force and effect a statute known as the Nursing Home Care Act (Act), 210 ILCS 45/1-101, *et seq.*

7.  That in May 2004, Plaintiff's decedent was admitted and accepted by Defendant as a patient and Defendant agreed to be responsible for the care, health, safety, and well-being of Plaintiff's decedent and to render competent and adequate long-term care services in conjunction with an illness from which Plaintiff's decedent was then and there suffering, which required medical treatment.

8.  That on numerous repeated occasions prior to March 9, 2005, Bernice Lustfeldt, Executor and spouse of Decedent, Armond Lustfeldt, had warned various agents and employees of Defendant that a currently unknown patient of, or trespasser to, Heartland had been entering said Armond Lustfeldt's room and provoking him to the point where Armond Lustfeldt was physically trying to eject him from said room.

9.  That on June 6, 2004, while under the care of Heartland, Plaintiff's decedent suffered severe and disabling injuries.

10. That due to Plaintiff's decedent suffering a fractured hip and severe bruises and contusions, his condition and well-being deteriorated eventually leading to Plaintiff's decedent's untimely death.

11. That at all times relevant herein, Heartland, operated by the Defendant, was a "facility" as defined in §1-113 of the Act and was subject to the requirements of the Act and the regulations of the Illinois Department of Public Health promulgated pursuant to the Act.

12. That at all times relevant herein, Defendant was subject to the requirements of 42 U.S.C. §1396r, *et seq.,* as amended by the Omnibus Budget Reconciliation Act of 1987 (OBRA), Pub.L. No. 100-203, 101 Stat. 1330.

13. That at all times relevant herein, Defendant was subject to the requirements of 42 C.F.R. Part 483 setting forth Medicare and Medicaid Requirements for Long-Term Facilities (OBRA Regulations) as effective on October 1, 1990.

14. That at all times herein mentioned, the Defendant owed a duty to provide quality care to the Plaintiff's decedent as well as to supervise the giving of that care.

15. That at all times relevant herein, Defendant, individually and through its agents, servants, and employees, had the duty not to abuse or neglect any resident of Heartland as provided by the Act as set out in 210 ILCS 45/1-103 and 210 ILCS 45/1-117.

16. That at all times relevant herein, Defendant, individually and through its agents, servants, and employees, had a duty to provide care and services under OBRA and §483.25 of the OBRA Regulations.

17.   That at all times relevant herein, the Defendant owed the Plaintiff's decedent a duty to use that degree of skill in the care of such patient required of institutions of like kind and character; that in violation of the duties that Defendant owed to the Plaintiff's decedent, the Defendant was guilty of one or more of the following negligent and careless acts or omissions that directly and proximately caused injury to the Plaintiff's decedent:

   a.   Failed to prevent ingress to Armond Lustfeldt's room by other disruptive and provoking patients.

   b.   Failed to properly observe and record the Plaintiff's decedent's condition and behavior of other patients in his room.

   c.   Otherwise failed to provide adequate security of said Armond Lustfeldt's room at Heartland and control and supervision of other patients, including said unknown disruptive and provoking patient or trespasser.

18.   That as a direct and proximate result of the negligent acts and/or statutory violations of the Defendant, individually and through its agents, servants, and employees, Plaintiff's decedent suffered severe and disabling injuries, including but not limited to a fractured hip and severe bruises and contusions, resulting in great and unnecessary anguish, distress, and conscious pain and suffering; that Plaintiff's decedent's overall condition was greatly aggravated and worsened; that he experienced extreme physical and mental pain and suffering; and that Plaintiff's decedent was permanently impaired from pursuing his usual and ordinary activities all of which eventually led to his untimely death on March 9, 2005 and further required Armond Lustfeldt's estate to incur reasonable attorney fees and costs of litigation provided in 210 ILCS 45/1-101 *et seq.*

19.   That at all times relevant herein, the Nursing Home Care Act provided: "The owner and licensee are liable to a resident for any intentional or negligent act or omission of their agents or employees which injures the resident." 210 ILCS 45/3-601.

20.   That Plaintiff's decedent sustained damages and severe injuries prior to his death as a result of the foregoing negligence for which he would have been entitled to bring an action had he survived and this right of action survives him.

21.   That his surviving spouse, Bernice Lustfeldt, as Executor of his estate, brings this action for his damages under the provisions of 755 ILCS 5/27-6, known as the Illinois survival statute.

22.   That attached to this Complaint as Exhibit A is the Affidavit of Plaintiff's attorney, Gerald P. Rodeen, filed pursuant to 735 ILCS 5/2-622.

   WHEREFORE, Plaintiff's decedent, Armond Lustfeldt, by and through Bernice Lustfeldt, individually and as Executor of the Estate of Armond Lustfeldt, prays for judgment against the Defendant, Health Care and Retirement Corporation of America, d/b/a Heartland Health Care Center-Paxton in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit and attorney's fees per 210 ILCS 45/1-101, *et seq.*

Bernice Lustfeldt, Executor of the
Estate of Armond Lustfeldt, Deceased,
Plaintiff

by
Gerald P. Rodeen, of
Dilks, Rodeen & Gibson, Ltd., her attorneys

PLAINTIFF DEMANDS A TRIAL
BY A JURY OF TWELVE (12)

### Count II — Negligence — Wrongful Death

Plaintiff's decedent, Armond Lustfeldt, by and through Bernice Lustfeldt, as Executor of the Estate of Armond Lustfeldt, by and through his attorneys, Dilks, Rodeen & Gibson, Ltd., and for Count II of his cause of action against Defendant, Health Care and Retirement Corporation of America, d/b/a Heartland Health Care Center-Paxton, (hereafter "Heartland") states as follows:

1 – 20. Plaintiff's decedent repeats each and every allegation of Count I, numbers 1 through 20, as though set forth herein at length and made a part hereof of Count II, numbers 1 through 20.

21.    That Plaintiff's decedent left a surviving spouse, Bernice Lustfeldt, as next of kin.

22.    That Plaintiff's decedent's next of kin suffered injuries as a result of his death, including the loss of companionship and society. Further, Plaintiff's decedent's Estate was diminished by virtue of the medical and funeral expenses that were incurred.

23.    That Bernice Lustfeldt brings this action for damages suffered as a result of said Armond Lustfeldt's injuries and death pursuant to 740 ILCS 180/0.01, *et seq.,* commonly known as the Wrongful Death Act of the State of Illinois.

24.    That attached to this Complaint as Exhibit B is the Affidavit of Plaintiff's attorney, Gerald P. Rodeen, filed pursuant to 735 ILCS 5/2-622.

WHEREFORE, Plaintiff's decedent, Armond Lustfeldt, by and through Bernice Lustfeldt, as individually and as Executor of the Estate of Armond Lustfeldt, prays for judgment against the Defendant, Health Care and Retirement Corporation of America, d/b/a Heartland Health Care Center-Paxton, in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

Bernice Lustfeldt, individually and as Executor of
the Estate of Armond Lustfeldt, Deceased, Plaintiffs

By
Gerald P. Rodeen, of Dilks, Rodeen & Gibson, Ltd.,
her attorneys

Z:\TM-WP\G05-053\Complaint.wpd

4

PLAINTIFF DEMANDS A TRIAL
BY A JURY OF TWELVE (12)


Gerald P. Rodeen, Reg. No. 2361728
Sue A. Gibson, Reg. No. 951242
Dilks, Rodeen &Gibson, Ltd.
Attorneys for Plaintiff
146 N. Market St., PO Box 48
Paxton, IL 60957
Telephone: 217-379-4373
Facsimile:  217-379-2844

STATE OF ILLINOIS      )
                       ) SS
COUNTY OF FORD         )

## **AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222(b)**

The undersigned attorney for the Plaintiff in the foregoing cause of action certifies that the total damages sought therein exceed $50,000.00

Gerald P. Rodeen, of
Dilks, Rodeen & Gibson, Ltd.

Subscribed and Sworn to before me
this _1st_ day of _June_ , 2006.

_Mary Kemmer_
Notary Public

Gerald P. Rodeen, Reg. No. 2361728
Sue A. Gibson, Reg. No. 951242
Dilks, Rodeen &Gibson, Ltd.
Attorneys for Plaintiff
146 N. Market St., PO Box 48
Paxton, IL 60957
Telephone: 217-379-4373
Facsimile:  217-379-2844

OFFICIAL SEAL
MARY KEMMER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/28/10

**E-FILED**
Wednesday, 09 August, 2006  03:20:48 PM
Clerk, U.S. District Court, ILCD

10850 DTM MC

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
FORD COUNTY, ILLINOIS

BERNICE LUSTFELDT, Individually and )
as Executor of the Estate of ARMOND )
LUSTFELDT, Deceased, )
                                 )
                 Plaintiff, )    Case No. 06 L 9
                                   )    USDC NO. 06-2150
vs. )
                                   )
HEALTH CARE AND RETIREMENT )
CORPORATION OF AMERICA, d/b/a )
HEARTLAND HEALTH CARE CENTER- )
PAXTON, )
                                   )
                   Defendant. )

## APPEARANCE

      The undersigned, as attorney, enters the appearance of Defendant:

**HEALTH CARE AND RETIREMENT CORPORATION OF AMERICA**

                                             D. Timothy McVey

McVEY & PARSKY, LLC
30 N. LaSalle Street
Suite 2100
Chicago, Illinois  60602
312-551-2130

      I certify that a copy of the within instrument was served on all parties who have
appeared and have not heretofore been found by the Court to be in default for failure to
plead.

                                         Attorney for Defendant



E-FILED
Wednesday, 09 August, 2006  03:21:07 PM
Clerk, U.S. District Court, ILCD

10850 DTM MC

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## FORD COUNTY, ILLINOIS

|  |  |
|---|---|
| BERNICE LUSTFELDT, Individually and as Executor of the Estate of ARMOND LUSTFELDT, Deceased, | ) ) ) ) |
| Plaintiff, | ) |
| vs. | ) ) |
| HEALTH CARE AND RETIREMENT CORPORATION OF AMERICA, d/b/a HEARTLAND HEALTH CARE CENTER-PAXTON, | ) ) ) ) ) |
| Defendant. | ) |

Case No. 06 L 9

USDC NO. 06-2150

## ANSWER TO COMPLAINT

NOW COMES, the Defendant, HEALTH CARE AND RETIREMENT

CORPORATION OF AMERICA, by and through its attorneys, McVEY & PARSKY,

LLC, and for its Answer to Plaintiff's Complaint, states as follows:

### COMPLAINT

#### Count I -- Negligence - Survival Action

Plaintiff's decedent, Armond Lustfeldt, by and through Bernice Lustfeldt, Individually and as Executor of the Estate of Armond Lustfeldt, by and through her attorneys, Dilks, Rodeen & Gibson, Ltd., and for Count I of her cause of action against Defendant, Health Care and Retirement Corporation of America, d/b/a Heartland Health Care Center-Paxton (hereinafter "Heartland,") states as follows:

1.    That Armond Lustfeldt died on March 9, 2005.

**ANSWER:**    The allegations of Paragraph 1 are admitted.

2.    That further, Bernice Lustfeldt has been appointed Executor of the Estate of Armond Lustfeldt, deceased, and brings this action individually and as Executor pursuant to law provided.

**ANSWER:**    This Defendant has insufficient knowledge with which to form a belief as to the truth or falsity of the allegations of Paragraph 2 and, therefore, denies same.

3.      That Defendant, Heartland, is a corporation organized and existing pursuant to the laws of the State of Ohio, is authorized to do business in Illinois, and is a duly licensed long-term care facility by the State of Illinois under the provision of the Nursing Home Care Act, 210 ILCS 45/1-101, et seq., operating as a nursing home under the name Heartland Health Care Center-Paxton with its principal place of business in Ford County, in the State of Illinois.

> **ANSWER**:    This Defendant will admit that it is an Ohio corporation doing business in Illinois and was licensed as a long term care facility and was operating a nursing home under the name stated in the county and state mentioned. This Defendant denies the remaining allegations of Paragraph 3.

4.      That CT Corporation System may be served by service of process as registered agent for said corporation at 208 S. LaSalle St., Suite 814, Chicago, IL 60604-101.

> **ANSWER**:    This Defendant will admit the allegations of Paragraph 4.

5.      That on March 9, 2005 and prior thereto, Defendant owned, operated, managed, maintained, controlled, and was a licensee of a certain long-term care facility in which it treated individuals suffering from various ailments and provided and supplied rooms, laboratories, drugs, and certain devices for the needs of the patients during their treatment in said long-term care facility, including the one operated as Heartland.

> **ANSWER**:    This Defendant will admit that on the date noted it was the licensee of a long term care facility that provided long term care services to residents. This Defendant denies the remaining allegations contained in Paragraph 5.

6.      That at all times relevant herein, there was in full force and effect a statute known as the Nursing Home Care Act (Act), 210 ILCS 45/1-101, et seq.

> **ANSWER**:    This Defendant will admit that the statute quoted was in full force and effect at all relevant times, but denies its applicability and denies any breach of said statute.

7.      That in May 2004, Plaintiffs decedent was admitted and accepted by Defendant as a patient and Defendant agreed to be responsible for the care, health, safety, and well-being of Plaintiffs decedent and to render competent and adequate long-term care services in conjunction with an illness from which Plaintiff's decedent was then and there suffering, which required medical treatment.

2

> **ANSWER**:    This Defendant will admit that the Plaintiff's decedent was admitted in May of 2004 and that this Defendant agreed to provide certain long term care services. This Defendant denies the remaining conclusions contained in Paragraph 7.

8.    That on numerous repeated occasions prior to March 9, 2005, Bernice Lustfeldt, Executor and spouse of Decedent, Armond Lustfeldt, had warned various agents and employees of Defendant that a currently unknown patient of, or trespasser to, Heartland had been entering said Armond Lustfeldt's room and provoking him to the point where Armond Lustfeldt was physically trying to eject him from said room.

> **ANSWER**:    This Defendant denies the allegations of Paragraph 8.

9.    That on June 6, 2004, while under the care of Heartland, Plaintiffs decedent suffered severe and disabling injuries.

> **ANSWER**:    This Defendant denies the allegations of Paragraph 9.

10.    That due to Plaintiffs decedent suffering a fractured hip and severe bruises and contusions, his condition and well-being deteriorated eventually leading to Plaintiffs decedent's untimely death.

> **ANSWER**:    This Defendant denies the allegations of Paragraph 10.

11.    That at all times relevant herein, Heartland, operated by the Defendant, was a "facility" as defined in §1-113 of the Act and was subject to the requirements of the Act and the regulations of the Illinois Department of Public Health promulgated pursuant to the Act.

> **ANSWER**:    This Defendant will admit that it was a facility under the Act referenced and was subject to certain requirements of the Act and certain regulations of the Illinois Department of Public Health. This Defendant denies the remaining allegations of Paragraph 11.

12.    That at all times relevant herein, Defendant was subject to the requirements of 42 U.S.C. § 1396r, et seq., as amended by the Omnibus Budget Reconciliation Act of 1987 (OBRA), Pub.L. No. 100-203, 101 Stat. 1330.

> **ANSWER**:    This Defendant denies the allegations of Paragraph 12 and would move to strike same in that they reference a federal statute that

does not give rise to a private cause of action or establish a standard of care.

13.    That at all times relevant herein, Defendant was subject to the requirements of 42 C.F.R. Part 483 setting forth Medicare and Medicaid Requirements for Long-Term Facilities (OBRA Regulations) as effective on October 1, 1990.

**ANSWER**:    This Defendant denies the allegations of Paragraph 13 and would move to strike same in that they reference a federal statute that does not give rise to a private cause of action or establish a standard of care.

14.    That at all times herein mentioned, the Defendant owed a duty to provide quality care to the Plaintiff's decedent as well as to supervise the giving of that care.

**ANSWER**:    This Defendant will admit to all duties imposed by law and denies the allegations of Paragraph 14 to the extent that they attempt to imply that this Defendant had duties not imposed by law.

15.    That at all times relevant herein, Defendant, individually and through its agents, servants, and employees, had the duty not to abuse or neglect any resident of Heartland as provided by the Act as set out in 210 ILCS 45/1-103 and 210 ILCS 45/1-117.

**ANSWER**:    This Defendant will admit to all duties imposed by law and denies the allegations of Paragraph 15 to the extent that they attempt to imply that this Defendant had duties not imposed by law.

16.    That at all times relevant herein, Defendant, individually and through its agents, servants, and employees, had a duty to provide care and services under OBRA and §483.25 of the OBRA Regulations.

**ANSWER**:    This Defendant denies the allegations contained in Paragraph 16 in that those allegations reference a federal statute that does not give rise to a private cause of action or establish a standard of care.

17.    That at all times relevant herein, the Defendant owed the Plaintiffs decedent a duty to use that degree of skill in the care of such patient required of institutions of like kind and character; that in violation of the duties that Defendant owed to the Plaintiffs decedent, the Defendant was guilty of one or more of the following negligent and careless acts or omissions that directly and proximately caused injury to the Plaintiffs decedent:

4

a.  Failed to prevent ingress to Armond Lustfeldt's room by other disruptive and provoking patients.

b.  Failed to properly observe and record the Plaintiffs decedent's condition and behavior of other patients in his room.

c.  Otherwise failed to provide adequate security of said Armond Lustfeldt's room at Heartland and control and supervision of other patients, including said unknown disruptive and provoking patient or trespasser.

**ANSWER:**  This Defendant denies the allegations of Paragraph 17, including the allegations contained in all of its subparagraphs.

18.  That as a direct and proximate result of the negligent acts and/or statutory violations of the Defendant, individually and through its agents, servants, and employees, Plaintiffs decedent suffered severe and disabling injuries, including but not limited to a fractured hip and severe bruises and contusions, resulting in great and unnecessary anguish, distress, and conscious pain and suffering; that Plaintiffs decedent's overall condition was greatly aggravated and worsened; that he experienced extreme physical and mental pain and suffering; and that Plaintiffs decedent was permanently impaired from pursuing his usual and ordinary activities all of which eventually led to his untimely death on March 9, 2005 and further required Armond Lustfeldt's estate to incur reasonable attorney fees and costs of litigation provided in 210 ILCS 45/1-101 et seq.

**ANSWER:**  This Defendant denies the allegations of Paragraph 18.

19.  That at all times relevant herein, the Nursing Home Care Act provided: "The owner and licensee are liable to a resident for any intentional or negligent act or omission of their agents or employees which injures the resident." 210 ILCS 45/3-601.

**ANSWER:**  This Defendant will admit the allegations of Paragraph 19 to the extent that they accurately quote the statute referenced. To the extent that the allegations of Paragraph 19 inaccurately quote the statute, they are denied.

20.  That Plaintiffs decedent sustained damages and severe injuries prior to his death as a result of the foregoing negligence for which he would have been entitled to bring an action had he survived and this right of action survives him.

**ANSWER:**  This Defendant denies the allegations of Paragraph 20.

21.  That his surviving spouse, Bernice Lustfeldt, as Executor of his estate, brings this action for his damages under the provisions of 755 ILCS 5/27-6, known as the Illinois survival statute.

5

**ANSWER**:    This Defendant will admit that the Plaintiff is allegedly bringing this cause of action pursuant to the statute quoted. This Defendant denies the statute's applicability and denies the breach of any duties under said statute.

22.    That attached to this Complaint as Exhibit A is the Affidavit of Plaintiffs attorney, Gerald P. Rodeen, filed pursuant to 735 ILCS 5/2-622.

**ANSWER**:    This Defendant denies the allegations of Paragraph 22.

WHEREFORE, Plaintiffs decedent, Armond Lustfeldt, by and through Bernice Lustfeldt, individually and as Executor of the Estate of Armond Lustfeldt, prays for judgment against the Defendant, Health Care and Retirement Corporation of America, d/b/a Heartland Health Care Center-Paxton in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit and attorney's fees per 210 ILCS 45/1-101, et seq.

**ANSWER**:    **WHEREFORE, this Defendant denies that the Plaintiff is entitled to a judgment in any sum whatsoever.**

## Count II - --- Negligence - Wrongful Death

Plaintiffs decedent, Armond Lustfeldt, by and through Bernice Lustfeldt, as Executor of the Estate of Armond Lustfeldt, by and through his attorneys, Dilks, Rodeen & Gibson, Ltd., and for Count II of his cause of action against Defendant, Health Care and Retirement Corporation of America, d/b/a Heartland Health Care Center-Paxton, (hereafter "Heartland") states as follows:

1-20.    Plaintiff's decedent repeats each and every allegation of Count I, numbers 1 through 20, as though set forth herein at length and made a part hereof of Count II, numbers 1 through 20.

**ANSWER**:    This Defendant repeats and realleges its responses to Paragraphs 1 through 20 of Count I as and for its responses to Paragraph 1 through 20 of Count II.

21.    That Plaintiffs decedent left a surviving spouse, Bernice Lustfeldt, as next of kin.

**ANSWER**:    This Defendant has insufficient knowledge with which to form a belief as to the truth of the allegations contained in Paragraph 21 and, therefore, denies same.

6

22.    That Plaintiff's decedent's next of kin suffered injuries as a result of his death, including the loss of companionship and society. Further, Plaintiffs decedent's Estate was diminished by virtue of the medical and funeral expenses that were incurred.

**ANSWER**:    This Defendant denies the allegations of Paragraph 22.


23.    That Bernice Lustfeldt brings this action for damages suffered as a result of said Armond Lustfeldt's injuries and death pursuant to 740 ILCS 180/0.01, et seq., commonly known as the Wrongful Death Act of the State of Illinois.

**ANSWER**:    This Defendant will admit that the Plaintiff claims to be bringing this action pursuant to the statute quoted, but denies the statute's applicability and denies any breach of said statute.


24.    That attached to this Complaint as Exhibit B is the Affidavit of Plaintiff's attorney, Gerald P. Rodeen, filed pursuant to 735 ILCS 5/2-622.

**ANSWER**:    This Defendant denies the allegations of Paragraph 24.


WHEREFORE, Plaintiff's decedent, Armond Lustfeldt, by and through Bernice Lustfeldt, as individually and as Executor of the Estate of Armond Lustfeldt, prays for judgment against the Defendant, Health Care and Retirement Corporation of America, d/b/a Heartland Health Care Center-Paxton, in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

**ANSWER**:    **WHEREFORE, this Defendant denies that the Plaintiff is entitled to a judgment in any sum whatsoever.**


Respectfully submitted,

HEALTH CARE AND RETIREMENT CORPORATION OF AMERICA

BY: _____
D. Timothy McVey
One of its attorneys

McVEY & PARSKY, LLC
30 N. LaSalle Street
Suite 2100
Chicago, IL 60602
Phone: 312/551-2130
Fax:    312/551-2131

7

**E-FILED**
Wednesday, 09 August, 2006  03:21:36 PM
Clerk, U.S. District Court, ILCD

10850 DTM MC

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
FORD COUNTY, ILLINOIS

BERNICE LUSTFELDT, Individually and )
as Executor of the Estate of ARMOND )
LUSTFELDT, Deceased, )
 )
                              Plaintiff, )     Case No. 06 L 9
vs. )          USDC NO. 06-2150
 )
HEALTH CARE AND RETIREMENT )
CORPORATION OF AMERICA, d/b/a )
HEARTLAND HEALTH CARE CENTER- )
PAXTON, )
 )
                            Defendant. )

## REQUEST TO ADMIT

NOW COMES the Defendant, HEALTH CARE AND RETIREMENT
CORPORATION OF AMERICA, by and through its attorneys, McVEY & PARSKY,
LLC, and requests that the Plaintiff, BERNICE LUSTFELDT, Individually and as
Executor of the Estate of ARMOND LUSTFELDT, deceased, admit the following
statements or opinions of fact, pursuant to Supreme Court Rule 216, within twenty-eight
(28) days after service of this request.

1.    The Plaintiff will never seek to recover more than $75,000.00 in this case.

**RESPONSE**:

Respectfully submitted,

HEALTH CARE AND RETIREMENT
CORPORATION OF AMERICA

BY: _____
      D. Timothy McVey
      One of its attorneys

McVEY & PARSKY, LLC
30 N. LaSalle Street, Suite 2100
Chicago, Illinois 60602
312-551-2130



E-FILED
Wednesday, 09 August, 2006  03:22:06 PM
Clerk, U.S. District Court, ILCD

N THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT

FORD  COUNTY, ILLINOIS

BERNICE LUSTFELDT, Individually and )
as Executor of the Estate of ARMOND )
LUSTFELDT, )
                         Deceased, )
                                 )
     Plaintiff, )
                                 )
vs. )
                                 )
HEALTH CARE AND RETIREMENT )
CORPORATION OF AMERICA, )
d/b/a HEARTLAND HEALTH CARE )
CENTER-PAXTON. )
                    Defendant. )

FILED IN THE CIRCUIT COURT
OF FORD COUNTY ILLINOIS

JUL 1 4 2006

*Kamalen K. Johnson*
CLERK

Cause No.: 06-L-9
USDC NO. 06-2150

PLAINTIFF DEMANDS A TRIAL
BY A  JURY OF TWELVE (12)

## RESPONSE TO REQUEST TO ADMIT

**NOW COMES** Plaintiff's decedent, Armond Lustfeldt, by and through Bernice Lustfeldt,

Individually and as Executor of the Estate of Armond Lustfeldt, by and through her attorneys, Dilks,

Rodeen & Gibson, Ltd., and responds to Defendant's Request to Admit as follows:

    1.    Plaintiff will never seek to recover more than $75,000 in this case:

**RESPONSE**: Plaintiff denies the request and affirmatively states that her damages which she

seeks (in both her capacities) to recover in this cause are well in excess of $75,000.

## CERTIFICATION

    Under the penalties of perjury as provided by law pursuant to Section 1-109 of the Code of Civil
Procedure, the undersigned, BERNICE LUSTFELDT, certifies that the statements set forth in this
instrument are true and correct, except as to matters therein stated to be on information and belief
and as to such matters, the undersigned certifies as aforesaid that she verily believes the same to be
true.

                                    *Bernice Lustfeldt*
                                    BERNICE LUSTFELDT, Petitioner



## CERTIFICATE OF OF SERVICE

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that a copy of the foregoing **Response to Request to Admit** was served upon the following:

D. Timothy McVey
McVey & Parsky, LLC
30 North LaSalle, Suite 2100
Chicago, IL 60602

by placing said copy in an envelope securely sealed, properly addressed, and with first class postage, prepaid, and mailing said envelope from a United States Post Office box located in Paxton, Illinois, on the _14th_ day of July, 2006.

Gerald P. Rodeen, Reg. No. 2361728
Sue A. Gibson, Reg. No. 951242
Dilks, Rodeen &Gibson, Ltd.
Attorneys for Plaintiff
146 N. Market St., PO Box 48
Paxton, IL 60957
Telephone: 217-379-4373
Facsimile:  217-379-2844

**E-FILED**
Wednesday, 09 August, 2006  03:22:23 PM
Clerk, U.S. District Court, ILCD

10850 MC/DTM

## IN THE UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION

BERNICE LUSTFELDT, Individually and ) 
as Executor of the Estate of ARMOND ) 
LUSTFELDT, Deceased, ) 
) 
                          Plaintiff, )    Case No.
vs. ) 
)   USDC NO. 06-2150
HEALTH CARE AND RETIREMENT ) 
CORPORATION OF AMERICA, d/b/a ) 
HEARTLAND HEALTH CARE CENTER- ) 
PAXTON, ) 
) 
                        Defendant. )

### AFFIDAVIT OF TERRY WILSON

I, TERRY WILSON, being first duly sworn, according to state law that I am competent to testify to the facts contained in this Affidavit in that I have personal knowledge of the following:

1.     I am the manager of subsidiary organization for Heartland Employment Services, LLC.  In that capacity I provide legal assistant services to Health Care and Retirement Corporation of America.

2.     In my job I am responsible for maintaining the corporate minute books for Health Care and Retirement Corporation of America.  Because of my personal involvement in this position, I have personal knowledge of the facts stated in this Affidavit.

3.     Health Care and Retirement Corporation of America is licensed as a long term care facility and operates a nursing home under the name Heartland Health Care Center – Paxton.

4.     Health Care and Retirement Corporation of America is an Ohio corporation, which was incorporated on October 4, 1944 with its principal place of business at 333 N. Summit St, Toledo, Lucas County, Ohio.

5.     Health Care and Retirement Corporation of America owned and was the licensee for the facility commonly known as Heartland Health Care Center –Paxton during the residency of Armond Lustfeldt from May 26, 2004 through March 9, 2005.



AFFIANT FURTHER SAYETH NOT.

Date:  8/8/06

Terry Wilson

Subscribed and sworn to before me
this _8th_ day of August, 2006.

Notary Public

LISA A. TAYLOR
Notary Public, State of Ohio
My Commission Expires 01/26/2010

2